UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
ROMMEL UPSHUR, :
: Case No. 1:20-cv-1355
    Plaintiff, :
vs. : OPINION & ORDER
: [Resolving Doc. 11]
TAMMY COOMBS, :
:
    Defendant. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Rommel Upshur, an Ohio prisoner proceeding *pro se* and *in forma pauperis*, sues Defendants Aramark Food Services and Aramark Supervisor Tammy Coombs.[1] In his complaint, Plaintiff Upshur claims that Defendant Coombs, the Aramark-run kitchen supervisor at Upshur's prison, refused to hire Upshur to work in the inmate-staffed kitchen because Coombs thought Upshur was "gay and weird."[2] Believing that this statement revealed unlawful sexual orientation discrimination, Upshur filed the present lawsuit.[3]

Plaintiff Upshur does not reference a statute in his *pro se* complaint. This Court, however, construes the complaint liberally to allege Title VII and 42 U.S.C. § 1983 claims. In a previous order, this Court dismissed Defendant Aramark during 28 U.S.C. § 1915(e) screening.[4] But the Court allowed the claims against Defendant Coombs to proceed.[5]

On February 10, 2021, Defendant Coombs filed a Rule 12(b)(6) motion to dismiss the claims against her.[6] Plaintiff Upshur has not responded to that motion, despite a Court order

---

[1] Doc. 1.
[2] *Id.*
[3] *Id.*
[4] Doc. 7.
[5] *Id.*
[6] Doc. 11.

Case No. 1:20-cv-1355
Gwin, J.

requiring him to do so by April 26, 2021.[7] The Court accordingly takes up the dismissal motion without Upshur's response.

## I. ANALYSIS

As stated above, the Court will evaluate Plaintiff Upshur's *pro se* allegations against Title VII and 42 U.S.C. § 1983's respective legal standards.

First, the Court believes that Plaintiff Upshur's Title VII claim should not proceed. Upshur's complaint does not claim that Upshur has filed a discrimination charge with Federal or Ohio anti-discrimination agencies as required by 42 U.S.C. § 2000e-2(a)(1).[8] The Court accordingly dismisses any Title VII claim made out in the complaint.

As for Upshur's § 1983 claim, a prisoner may pursue a Fourteenth Amendment equal protection employment discrimination claim against state-operated prison employees.[9]

However, Defendant Coombs is not a state employee. Coombs works for Aramark, a private entity, and § 1983 allows claims only against persons who act under color of law. While the Supreme Court has recognized "limited circumstances" in which a private parties act under color of law for § 1983 purposes, the facts of this case miss that narrow mark.[10]

For private conduct to count as state action, the private conduct must be "fairly attributable to the state."[11] Three tests animate that standard: (1) the public function test, (2)

---

[7] Doc. 17.
[8] *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1851 (2019) (describing "Title VII's charge-filing requirement" as a "mandatory" claim processing rule before a Plaintiff may pursue a Title VII claim).
[9] *Davis v. Prison Health Servs.*, 679 F.3d 433, 438–39 (6th Cir. 2012); *Smith v. Ottinger*, 230 F.3d 1360, 2000 WL 1359632, at *2 (6th Cir. 2000) (unpublished table decision).
[10] *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 754 (6th Cir. 2020) (quotation omitted).
[11] *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007).

Case No. 1:20-cv-1355
Gwin, J.

the state compulsion test, and (3) the symbiotic relationship, or "nexus," test.[12] The second and third tests—which ask whether the private party was coerced by the state into performing the challenged action, or whether the state was intimately involved in private decision-making leading to the challenged action—are irrelevant here.[13]

The remaining "public function" test requires that the private party "exercises powers traditionally exclusively reserved to the State."[14] This is a high bar. Actions merely serving the public good or public interest do not impose § 1983 liability.[15] Rather, the government must have traditionally and exclusively performed the challenged private conduct.[16]

The Sixth Circuit has found that a private party meets this test when it provides necessary services to prison inmates, such as food or health care, on the state's behalf.[17] But while Aramark provided prison inmates food and would be a state actor for purposes of a food tampering claim, for instance, courts do not attribute state action to private conduct with a broad brush. Instead, "[i]t is the nature of the act performed," rather than the party's status as a state employee or contractor, that "determines whether the [party] has acted under color of law."[18]

In finding that providing for inmate necessities is a public function, the Sixth Circuit has spoken in terms of delegation to private parties of the government's "affirmative

---

[12] *Id.* at 827–28 (citing *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003)).
[13] *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003).
[14] *Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019).
[15] *Id.* at 1928–29.
[16] *Id.* at 1929.
[17] *Carl v. Muskegon County*, 763 F.3d 592, 595–96 (6th Cir. 2014) (citing *West v. Atkins*, 487 U.S. 42, 47 (1988)).
[18] *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002).

Case No. 1:20-cv-1355
Gwin, J.

[constitutional] obligation[s]" to involuntarily confined inmates.[19] The Eighth Amendment requires the government to provide for its prisoners' most basic needs. But no similar constitutional obligation applies to prison employment.[20]

To find that prison employment is a public function would portend that any private service rendered to inmates on the state's behalf exposes private parties to government obligations under § 1983.

The Court believes that the employment relationship between Plaintiff Upshur and Defendant Coombs is unlike providing constitutionally required inmate necessities. Rather, employing an inmate to work in a kitchen is discretionary and is not a "power possessed by virtue of state law and made possible only because [Aramark] is clothed with the authority of state law."[21] Accordingly, employing inmates is not a public function, and Defendant Coombs did not act under color of law when she refused to hire Plaintiff Upshur.

Because the Court believes that Defendant Coombs did not act under color of law in this case, Plaintiff Upshur's § 1983 claim against Coombs is legally unviable.

II. CONCLUSION

For these reasons, the Court **GRANTS** Defendant Coombs's dismissal motion.

IT IS SO ORDERED

Dated: May 5, 2021        *s/    James S. Gwin*
                         JAMES S. GWIN
                         UNITED STATES DISTRICT JUDGE

---

[19] *Carl*, 763 F.3d at 596 (citing *West*, 487 U.S. at 56).
[20] *Bethel v. Jenkins*, 988 F.3d 931, 943 (6th Cir. 2021) (citing *Dobbins v. Craycraft*, 423 F. App'x 550, 552 (6th Cir. 2011)).
[21] *West*, 487 U.S. at 49.

-4-